# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONEGAL MUTUAL INSURANCE COMPANY a/s/o MICHAEL and VELLE SOSTAKOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>BROAN-NuTONE LLC, and THE HOME DEPOT, INC.,<br><br>Defendants. | No. 4:22-CV-00384<br><br>(Chief Judge Brann) |

## MEMORANDUM OPINION

### JANUARY 4, 2023

Plaintiff Donegal Mutual Insurance Company, on behalf of its insureds, Michael and Velle Sostakowski, sued Defendants Broan-NuTone LLC and The Home Depot, Inc. in state court for respectively manufacturing and selling a defective bathroom ceiling fan. The fan malfunctioned and caused a fire, damaging the Sostakowskis' home. Home Depot removed the action to this Court. Donegal now moves to remand it back to state court. For the following reasons, the Court concludes that Home Depot properly removed this action and accordingly denies Donegal's motion.

## I.     BACKGROUND

The Sostakowskis purchased a bathroom ceiling fan manufactured by Broan from Home Depot at some point before June 26, 2019.[1] They installed the fan in their bathroom.[2] On June 26, 2019, the fan ignited, starting a fire that damaged the Sostakowskis' home.[3] The Sostakowskis are insured by Donegal, which compensated them for the damage to the home.[4] On February 18, 2021, Donegal, through counsel, sent a letter to Defendants seeking $245,548.41 in restitution for the benefits Donegal paid the Sostakowskis because Donegal had determined that the ceiling fan was defective.[5]

On October 20, 2021, Donegal, as the Sostakowskis' subrogee, sued Defendants in the Court of Common Pleas of Bradford County, Pennsylvania.[6] In its Complaint, Donegal alleges one count of strict products liability against both Defendants and seeks an amount of money damages that are larger than the arbitration limits of McKean County, Pennsylvania, but otherwise unspecified.[7]

---

1   Compl., Doc. 1-1 ¶¶ 5-8.
2   *Id.* ¶¶ 9-10.
3   *Id.* ¶¶ 11-14.
4   *Id.* ¶¶ 1-2.
5   Demand Letter, Doc. 3-1. It is unclear whether Defendants responded to the letter.
6   *See* Compl., Doc. 1-1.
7   *See id.* at 7. The compulsory arbitration threshold for McKean County (which is under the federal jurisdiction of the United States District Court for the Western District of Pennsylvania) is $50,000. McKean Cty. Local R. 1301.1(a) The threshold for Bradford County—the jurisdiction subject to the federal jurisdiction of this Court and the one Donegal filed suit in—is $35,000. Bradford Cty. Local R. 1301(A).

Home Depot removed the action to this Court on the basis of diversity jurisdiction.[8] Donegal now moves to remand it back to the Court of Common Pleas.[9]

## II. DISCUSSION

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action to a district court that has original jurisdiction over the action. Upon filing the notice of removal, the action is removed to the district court's jurisdiction. A plaintiff opposing removal may move to remand the action back to state court on several different grounds, including procedural defects in the removal process.[10] On a motion to remand, the removing party, as the party urging the existence of jurisdiction, bears the burden of proving a federal court's jurisdiction.[11]

Title 28 U.S.C. § 1446 governs the procedural aspects of removing an action to federal court. Section 1446(b), in relevant part, provides that the removing defendant must file the notice of removal within thirty days after the defendant receives, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." But where "the case stated by the initial pleading is not removable," a defendant seeking removal must file a notice of removal within thirty days of receiving by service or otherwise,

---

[8]   Notice of Removal, Doc. 1.
[9]   Mot. to Remand, Doc. 3.
[10]  *See* 28 U.S.C. § 1447(c).
[11]  *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

"a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[12]

The parties dispute whether the thirty-day period set forth in section 1446 in which Home Depot may remove this matter has expired. Donegal argues that Home Depot had notice that the amount in controversy was more than $75,000 based on its pre-suit demand letter and therefore had notice of the matter's removability from its inception. Home Depot disagrees, pointing out that many courts—including this one—have held that the class of "other papers" from which a defendant may ascertain the removability of a case does not include pre-suit communications.[13]

Home Depot is correct. The late Honorable A. Richard Caputo of this Court in *Penn Patio Sunrooms, Inc. v. Ohio Casualty Insurance Co.* held that pre-suit testimony from the plaintiff's representatives noticing the defendant that the plaintiff's claim was removable did not qualify as "other paper" because of its pre-suit nature.[14] Although it appears that the United States Court of Appeals for the Third Circuit has not spoken to this particular issue, the great weight of authority supports Home Depot's position.[15] Donegal fails to distinguish this matter from the many decisions holding that pre-suit communications are not "other papers."

---

[12]  28 U.S.C. § 1446(b)(3).
[13]  Home Depot Opp. Br., Doc. 7-2 at 3-4.
[14]  2008 WL 919543, at *1-2 (M.D. Pa. Mar. 21, 2008).
[15]  *See, e.g.*, *Rosenfield v. Forest City Enterprises, L.P.*, 300 F. Supp. 3d 674, 678 (E.D. Pa. 2018) (collecting authorities from district courts in this circuit and other Courts of Appeal).

4

As for whether jurisdiction is proper, no one disputes the parties' diversity.[16] Donegal is clearly committed to the position that the amount in controversy is more than $75,000. Otherwise, it could not argue that the demand letter served as notice of the matter's removability.[17] That figure is consistent with the allegations of Donegal's Complaint, which involve a fire causing damage to the Sostakowskis' home. Therefore, the Court concludes that it has diversity jurisdiction over this matter.

---

[16]   *See* Compl., Doc. 1-1 ¶¶ 1-4 (indicating that Donegal and the Sostakowskis are citizens of Pennsylvania); Home Depot State Ct. Ans., Doc. 2 ¶ 3 (indicating that Home Depot is a Delaware corporation with its principal place of business in Georgia); Broan Ans., Doc. 4 ¶ 4 (indicating that Broan is a Delaware corporation with its principal place of business in Wisconsin).

[17]   In support of federal jurisdiction, Home Depot relies on one of Donegal's responsive pleadings. Home Depot answered Donegal's complaint in state court, including, as a new matter, paragraph 54, which stated that "[Donegal's] alleged damages, if proven, do not exceed $75,000." Home Depot State Ct. Ans., Doc. 1-2 ¶ 54. As required by the Pennsylvania Rules of Civil Procedure, Donegal replied to Home Depot's answer, stating that the allegations in paragraph 54 were "conclusions of law to which no response is required." Donegal State Ct. Reply to Home Depot Ans., Doc. 1-3 ¶ 54. Home Depot claims Donegal's response is a denial of paragraph 54. The Court disagrees. By stating a party's damages, paragraph 54 is a factual allegation, not a legal conclusion. If anything, Donegal failed to admit or deny paragraph 54. The Pennsylvania Rules of Civil Procedure (which govern the legal effect of the state court pleadings in the record before this Court on Donegal's motion to remand) would treat Donegal's failure as an admission that its damages are less than $75,000, which would ultimately vitiate the Court's jurisdiction. *See* Pa. R. Civ. P. 1017(b). However, this admission appears to contradict Donegal's position before this Court that the amount in controversy is above $75,000. In any event, the Court is satisfied that it has jurisdiction and that Home Depot properly removed the matter.

## III. CONCLUSION

For the foregoing reasons, Donegal's motion to remand is denied.

An appropriate Order follows.

                                                 BY THE COURT:

                                                 *s/ Matthew W. Brann*
                                                 Matthew W. Brann
                                                 Chief United States District Judge